UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:17-CR-571 |
| | § | |
| JOSE JUAN HOYUELA; aka HOYUELA- | § | |
| SALINAS | § | |

## ORDER

On October 31, 2019, Defendant/Movant Jose Juan Hoyuela's ("Hoyuela") remaining motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 for ineffective assistance of counsel for failure to appeal came on to be heard. (D.E. 33; D.E. 36). Both Hoyuela and his trial attorney testified that Hoyuela's counsel reviewed his right to appeal after sentencing, and that Hoyuela, in spite of his concern as to losing his three points for acceptance of responsibility reduction, never asked his attorney to appeal. (Evidentiary Hearing, 3:28:25-35; 3:43:57-3:46:50). The Court DENIES Hoyuela's remaining claim and DISMISSES the action with prejudice.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

### II. FACTUAL AND PROCEDURAL HISTORY

Hoyuela was sentenced to 51 months of imprisonment on February 6, 2018 for illegal reentry, violating 8 U.S.C. §§ 1326(a) and 1326(b)(2). (D.E. 29). Hoyuela did not appeal the sentencing, and judgment became final 14 days after on February 20, 2018. (D.E. 33, p.1); *See* Fed. R. App. P. 4(b) (amend. eff. Dec. 1, 2010). Prior to his sentencing, Hoyuela rejected an offered plea agreement but, nonetheless, ultimately pleaded guilty. (D.E. 8, p.3; D.E. 9, p.1). He filed his initial Motion to Vacate under 28 U.S.C. § 2255 on June 27, 2018. (D.E. 33). Hoyuela

filed another motion to reduce sentence under 18 U.S.C. § 3582(c)(2) or in the alternative to withdraw his guilty plea, on June 18, 2019. (D.E. 35). Less than a month afterwards, on July 16, 2019, Hoyuela then requested to amend his § 2255 motion. (D.E. 36). This request was granted on August 08, 2019. (D.E. 39). On October 24, 2019, the Court denied his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), or in the alternative, to withdraw his guilty plea, denied in part his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and limited the scope of his evidentiary hearing to determine whether Hoyuela told his counsel to file an appeal and whether his counsel advised him of his right to appeal. (D.E. 47). Then, an evidentiary hearing was held on October 31, 2019.

## III. CONCLUSIONS OF LAW AND FINDINGS OF FACT

The Constitution requires that the "defendant be fully informed of his right to appeal" by his attorney which "require[s] that the client be advised not only of his right to appeal, but also of the procedure and time limits involved and of his right to appointed counsel on appeal." *Childs v. Collins*, 995 F.2d 67, 69 (5th Cir. 1993) quoting *Lumpkin v. Smith*, 439 F.2d 1084, 1085 (5th Cir. 1971). If a defendant requests that counsel file a notice of appeal, counsel's failure to do so constitutes ineffective assistance even without a showing that the appeal would be meritorious. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477, 486 (2000); *cf. United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). There are two instances in which an attorney's performance may be deficient when an appeal is not filed: (A) when a defendant asks that an appeal be filed and the attorney does not file one, and (B) when counsel fails to consult a defendant about an appeal when "there is reason to think either 1) that a rational defendant would want to appeal . . ., or 2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe*, 528 U.S. at 480. "When a defendant has not instructed counsel whether to file a

2 / 4

notice of appeal, the inquiry becomes whether counsel's failure to consult with a defendant regarding an appeal constituted deficient performance." *Id*. at 478. However, "At the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Id*. at 477.

Here, Hoyuela testified and admitted that he never asked an appeal to be filed. (Evidentiary Hearing, 3:43:57-3:46:50). Further, both Hoyuela and his trial attorney also testified and admitted that his counsel discussed with Hoyuela his appeal rights timely after sentencing. *Id*.; (Evidentiary Hearing, 3:28:25-35). Hoyuela cannot presently claim that because no appeal was filed, his counsel performed deficiently. Therefore, Hoyuela's remaining § 2255 for ineffective assistance of counsel for failure to appeal is DENIED.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Hoyuela has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This

standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Hoyuela cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a Certificate of Appealability as to his claims.

## V. CONCLUSION

For the foregoing reasons, Jose Juan Hoyuela's remaining motion to vacate, set aside, or correct sentence for ineffective assistance of counsel for failure to appeal is **DENIED** and this action is **DISMISSED** with prejudice. Additionally, Hoyuela is **DENIED** a Certificate of Appealability.

SIGNED and ORDERED this 9th day of December, 2019.

_____
Janis Graham Jack
Senior United States District Judge